# IN THE UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF TEXAS,

# DALLAS DIVISION

| | |
|---|---|
| **CINDY VENTURA,** § | |
| **Plaintiff,** § | |
| § | |
| § | |
| § | |
| § | |
| § | |
| § | |
| **v.** § | Civil Action No. _____ |
| § | |
| § | |
| § | |
| **PRINCIPLE AUTO SAN** § | |
| **ANTONIO, LLC D/B/A** § | |
| **PRINCIPLE VOLKSWAGEN,** § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Cindy Ventura, hereinafter called Plaintiff, complaining of and about Principle Auto San Antonio, LLC d/b/a Principle Volkswagen, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Cindy Ventura, is a citizen of the United States and the State of Texas and resides in Dallas County, Texas.

2. Defendant Principle Auto San Antonio, LLC d/b/a Principle Volkswagen may be served by serving Abigail G. Kampmann, its agent authorized to accept service at 153 Treeline Park, Suite 200, San Antonio, Texas 78209.

### JURISDICTION AND VENUE

3. The action arises under Title VII of the 1964 Civil Rights Act. 42 U.S.C. § 2000e-2 as

1

hereinafter more fully appears.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c).

5. This Court has personal jurisdiction over Defendant because Defendant regularly conducts commerce in the State of Texas, including the Northern District of Texas, so as to purposefully avail itself of the privilege of conducting business within the State of Texas.

## NATURE OF ACTION

6. This is an action under Title 42 U.S.C. Section 2000e et. Seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

8. Plaintiff was employed as a sales representative by Defendant at 2035 West Airport Freeway, Irving, Texas 75062.

9. During Plaintiff's employment, Plaintiff did not receive any reprimands from Defendant.

10. Plaintiff applied for promotion to a finance role within Defendant's employment structure.

11. As a prerequisite to the promotion and finance role, Defendant's company policy required a minimum employment period of six months in order for an employee to be

considered.

12. Plaintiff satisfied the six month requirement.

13. Additionally, Plaintiff had several years of experience as a sales representative and met any objective qualification for promotion in a finance role.

14. Plaintiff was not provided with an interview for the promotion and finance role.

15. Defendant filled the position with an only recently employed male individual.

16. This recently employed individual was a male and failed to meet the six month employment prerequisite as set out in Defendant's company policy.

17. Further, the promoted male employee did not have the background or experience in finance to objectively compete with Plaintiff.

18. Plaintiff was denied the opportunity to interview and overlooked in favor of a male employee.

19. After discovering that the position was given to a male employee who failed to meet the prerequisites, Plaintiff believed she had been the victim of sex discrimination in the workplace.

20. Plaintiff reported the sex discrimination claim to Defendant's human resources department and tendered a two-week notice of resignation due to the sex discrimination.

21. Only after providing her sex discrimination claim and notice of resignation was Plaintiff provided with an interview for the finance position.

22. Following Plaintiff's interview, Defendant informed Plaintiff that the finance position would not be filled.

23. This information came after the male employee who had been given the position had already moved into the new office to fulfill the role of this new promotion and finance

position.

24. Shortly after Plaintiff became informed that the position was not going to be filled, the male employee was moved out of the new office and back to his prior desk and work area.

## SEX DISCRIMINATION

25. Plaintiff incorporates by reference paragraphs 1-22 as if stated fully herein.

26. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statue, namely Plaintiff is a female and thus falls under the category of Sex and Gender.

27. Plaintiff was employed as a sales representative by Defendant, Principle Auto San Antonio, LLC d/b/a Principle Volkswagen.

28. Defendant, Principle Auto San Antonio, LLC d/b/a Principle Volkswagen, is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Specifically, Defendant is regularly engaged in the business of selling motor vehicles to the general public.

29. Defendant, Principle Auto San Antonio, LLC d/b/a Principle Volkswagen, engaged in unlawful employment practices involving Plaintiff because she is a female.

30. Defendant, Principle Auto San Antonio, LLC d/b/a Principle Volkswagen, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. § 2000e-(2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

31. Plaintiff alleges that Defendant, Principle Auto San Antonio, LLC d/b/a Principle Volkswagen, discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the protected rights of Plaintiff.

## CONSTRUCTIVE DISCHARGE

32. Principle Auto San Antonio, LLC d/b/a Principle Volkswagen made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

33. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Actual damages;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Expert fees as the Court deems appropriate;

    g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    h. Inconvenience;

5

    i.      Interest;

    j.      Mental anguish in the past;

    k.     Mental anguish in the future;

    l.      Loss of earnings in the past; and

    m.    Loss of benefits.

## EXEMPLARY DAMAGES

34. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

35. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a.     Prohibit by injunction the Defendant from engaging in unlawful employment practices;

    b.     Promote Plaintiff to the position and pay grade to which Plaintiff should have been promoted but for the unlawful employment actions of Defendant;

    c.     Rehire Plaintiff; and

    d.     Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## ATTORNEY FEES

36. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §

2000e-5(k).

## JURY DEMAND

37. Plaintiff demands trial by jury on all claims so triable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Cindy Ventura, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Manuel Diaz Law Firm, PC

By: */s/ Raul Ramires*
Raul Ramires
Texas Bar No. 24105970
E-Mail: raulr@diazlf.com
8100 John W. Carpenter Freeway, Suite 200
Dallas, TX 75247
Tel. (214) 800-2086
Fax. (972) 330-2449
E-Mail: raulr@diazlf.com
Attorney for Plaintiff
Cindy Ventura